UNITED STATES DISTRICT COURT
EASTER DISTRICT OF NEW YORK
---------------------------------------------------------------X
JDP MORTGAGE LLC                            Index No.: _____

          Plaintiffs,                    **CIVIL CASE NO.:**

  -against-                                   COMPLAINT

MICHELE ANN GOSMAN
---------------------------------------------------------------X

JDP MORTGAGE LLC, by their Attorney The Law Firm of Adam Kalish P.C., as and for their complaint respectfully alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, JDP Mortgage LLC, is a Florida Limited Liability Company, with an address of 802 NE 20th Ave, Fort Lauderdale, FL 33304

2. Defendant, Michele Ann Gosman, is upon information and belief an individual with a residence of New York State with an address 31 Soundview Drive, Montauk, New York.

3. Plaintiff is not a citizen of the same state as the defendants.

4. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1332.

6. Venue in this judicial district is proper pursuant to 28. U.S.C. 1391 (b) (1) & (2), because the Defendants are residents in this judicial district and a substantial part of the events giving rise to the claim occurred is situated in this judicial district.

## FACTUAL ALLEGATIONS

7. Upon information and belief, on or about July 13, 1989, Melvin Kanan purchased the property known as 86 East Lake Drive, Montauk, New York 11954.

8. Upon information and belief, on or about November 30, 2006, Melvin Kanan re-financed the purchase of the property known as 86 East Lake Drive, Montauk, New York 11954 with a loan in the amount of $910,000.00.

9. Upon information and belief, on or about November 30, 2006 the mortgage was recorded with the County Clerk and was available to the public.

10. Pursuant to the Mortgage paragraph "9," Upon Lender's request after default, lender may take any action to secure the property including but not limited to putting a tenant in the property for the collection of rent.

11. Said mortgage and Rider constituted a valid contract binding on the property and on Melvin Kanan.

12. Upon information and belief, Michele Ann Gosman knew about the mortgage and the mortgage rider that are recorded against the property.

13. Upon information and belief, Melvin Kanan thereafter transferred the property into an LLC, known as Hampton Dream Properties LLC

14. Upon information and belief, Michele Ann Gosman went into contract with Hampton Dream Properties LLC and purchased the property on November 25, 2104.

15. Upon information and belief, the parties went to closing and the property was deeded to Michele Ann Gosman however, the mortgage was never paid.

16. On or about February 1, 2010, the Lender had declared the mortgage in default.

17. Pursuant to the Mortgage paragraph 9, the lender had the right to collect rent from the premises.

18. Upon information and belief, on May 14, 2018, the mortgage was assigned to JDP Mortgage LLC.

19. Upon information and belief, Michele Ann Gosman has interfered with the Plaintiff Mortgage Rider in preventing the mortgage holder from the assignment of rents

COUNT 1- TORTIOUS INTERFERENCE WITH A CONTRACT

20. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs as if fully set forth herein.

21. The mortgage and riders that are secured against the property constitute a valid binding contract.

22. The defendant had knowledge of this contract.

23. Even though the defendant knew about the Plaintiff's mortgage, the defendant continued to prevent the lender from collection of the rents.

24. As a direct and proximate result of the defendants' tortious interference with JDP Mortgage LLC mortgage and assignment of leases and rents, JDP Mortgage LLC has suffered and continues to suffer damages in an amount to be determined at trial but, in no event to less than Six Hundred Thousand ($600,000.00) Dollars

25. Further, JDP Mortgage LLC is entitled to punitive damages in the amount of One Hundred Thousand ($100,000) dollars because, as set forth in the previous paragraphs, Defendants' conduct was willfully, wantonly and maliciously designed to benefit himself at the expense and diminishment of Plaintiff.

## COUNT 2 UNJUST ENRICHMENT

26. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs as if fully set forth herein.

27. The defendants have and continue to receive the monthly rent for the property which belongs to JDP Mortgage LLC.

28. The defendants have benefitted from the receipt of the money.

29. Under the principles of equity and good conscience, the defendants should not be permitted to retain the money that rightfully belongs to JDP Mortgage LLC.

30. As a direct and proximate result of the defendant's tortious interference with JDP Mortgage LLC mortgage and assignment of leases and rents, JDP Mortgage LLC has suffered and continues to suffer damages in an amount to be determined at trial but, in no event to less than Six Hundred Thousand ($600,000.00) Dollars

31. Further, JDP Mortgage LLC is entitled to punitive damages in the amount of One Hundred Thousand ($100,000) dollars because, as set forth in the previous paragraphs, Defendants' conduct was willfully, wantonly and maliciously designed to benefit himself at the expense and diminishment of Plaintiff.

**WHEREFORE,** Plaintiffs demand the following relief:

    a. Plaintiffs' First Cause of Action, a money judgment in favor of JDP Mortgage LLC and against defendant in an amount to be determined at trial, but no less than Six Hundred Thousand ($600,000.00) dollars;

b. On Plaintiffs' First Cause of Action, punitive damages in favor of Plaintiff and against Defendant in an amount to be determined at trial, but no less than One Hundred Thousand ($100,000);

c. On Plaintiffs' Second Cause of Action, a money judgment in favor of JDP Mortgage LLC and against Defendant in an amount to be determined at trial, but no less than Six Hundred Thousand ($600,000.00) dollars;

d. On Plaintiffs' Second Cause of Action, punitive damages in favor of Plaintiff and against Defendant in an amount to be determined at trial, but no less than One Hundred Thousand ($100,000);

e. An award granting Plaintiffs their cost and expenses, including his attorney's fees to the extent permitted by applicable law;

f. An award granting Plaintiffs pre-judgment interest; and

g. Any other relief as the Court deems just and proper

Dated: Brooklyn, New York
October 23, 2019

*Adam Kalish*

Adam Kalish, Esq.
Law Offices of Adam Kalish PC
182A 26th Street, Suite 2R
Brooklyn, NY 11232
Tel: 718 857 3664

# ATTORNEY VERIFICATION

Adam Kalish, Esq. an attorney duly admitted to practice law before the Courts of the State of New York, affirms the truth of the following under penalty of perjury.

I am the Principal Attorney with the Law Firm of Adam Kalish P.C., attorney for the Plaintiff in the instant action, that I have read the foregoing Summons and Verified Complaint and know the contents thereof and that upon information and belief, I believe the matters alleged therein to be true.

The reason this verification is made by deponent and not by Plaintiff is that the Plaintiff resides in a County other than the one in which Plaintiff's attorney maintains his office.

The source of deponent's information and grounds of my belief are communications, papers, reports and investigations contained in this file.

Dated: Brooklyn, New York
       October 23, 2019

                                          *Adam Kalish*
                                          Adam Kalish Esq.