

# THE LAW FIRM OF
# ADAM KALISH
###### P.C.

## 182A 26th Street, Suite 2R, Brooklyn, N.Y., 11232

Adam Kalish Esq.  
Office: (718) 857 – 3664  
Email: Adam.Kalish@Kalishpc.com

*Hon. Frank Seddio, of Counsel  
Former Judge, Surrogate's Court,  
Kings County

May 12, 2020

**VIA ECF**

Magistrate Judge Steven I. Locke  
100 Federal Plaza  
Central Islip, New York 11722

  Re: JDP Mortgage LLC v. Gosman  
   19-cv-05968

Dear Judge Locke:

  I am the attorney for Plaintiff JDP Mortgage LLC in the above referenced matter. This letter is written pursuant to your individual rules and local civil rules 37.1 and 37.3 for a motion pursuant to Federal Rules of Civil Procedure R. 66 for the appointment of a receiver.

**Factual Background:** This action stems from the Defendant interfering with JDP Mortgage LLC's security documents placed on the premises known as 86 East Lake Drive, Montauk, New York 11954. Defendant purchased the property on November 25, 2014 and was aware at the time of the purchase that the property was in foreclosure with the previous lender. On May 14, 2018, the note and security agreement were assigned to JDP Mortgage LLC. Since acquiring the property, the defendant has interfered with JDP Mortgage LLC's right to protect its rights in the property, including to but not limited to leasing the property for the benefit of the lender.

**The Appointment of a Receiver is warranted:** "'[T]he appointment of a receiver is considered to be an extraordinary remedy', and ... should be employed cautiously and granted only when clearly necessary to protect plaintiff's interests in the property." *Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93, 97 (2d Cir. 1988).

Magistrate Judge Steven I. Locke
United States District Court
Eastern District of New York
Re: JDP Mortgage LLC v. Gosman
19-cv-05968

      In New York, an owner of a property is entitled to rents until there is a default under the terms of the mortgage secured by the property. *See New York Lift Ins. Co. v. Fulton Development Co.*, 265 N.Y. 348, 193 N.E. 169 (1934). A mortgagee's right to the appointment of a receiver arises either where there is a clause in the mortgage that expressly provides for a receiver or where right grows out of facts extrinsic to the mortgage contract. *See Holmes v. Gravenhorst*, 263 N.Y. 148, 188 N.E. 285 (1933). In the absence of a mortgage covenant authorizing the appointment of a receiver, a mortgage holder seeking the appointment of a receiver of rents must establish a lack of equity in the mortgaged premises and that the mortgagor is insolvent. *See Graybill v. Heylman*, 139 A.D. 898, 123 N.Y.S. 622 (1st Dept. 1910); *Finch v. Flanagan*, 208 A.D. 251, 203 N.Y.S. 560 (3d Dept. 1924); *Clinton Capital Corp. v. One Tiffany Place Developers*, 112 A.D.2d 911, 492 N.Y.S.2d 427 (2d Dept. 1985); *First Nat. Bank of Glens Falls v. Caputo*, 124 A.D.2d 417, 507 N.Y.S.2d 516 (3d Dept. 1986); *W.I.M. Corporation v. Cipulo*, 216 A.D. 46, 214 N.Y.S. 718 (1st Dept. 1926); *Finch v. Ray*, 208 A.D. 251, 203 N.Y.S. 560 (3d Dept. 1924); *Rabinowitz v. Power*, 131 A.D. 892, 115 N.Y.S. 266 (1st Dept. 1909); *In re Wickings' Estate*, 162 Misc. 357, 294 N.Y.S. 598 (Sur. Ct. 1937). *Compare Manhattan Life Ins. Co. v. Hammerstein Opera Co.*, 180 A.D. 69, 167 N.Y.S. 245 (1st Dept. 1917). Equity is defined as the "... difference between the property value and the total amount of liens against (the property)." *In re 6200 Ridge*, 69 B.R. 837, 842 (Bankr.E.D.Pa.1987); *see In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 322 (Bankr. S.D.N.Y. 2001). Insolvency is defined as "when the present fair salable value of [an individual's] assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured." N.Y. Debt. & Cred. Law § 271.

      The current payoff of the mortgage for the premises is One Million, Six Hundred Seventy-Six Thousand, Five Hundred Twenty Three Dollars and Twenty Four Cents ($1,676,523.23). See Exhibit A, attached to this letter and made part of the record heretofore. The last appraisal of the property demonstrates that the property could sell for One Million Four Hundred Fifty Thousand ($1,450,000.00) in the pre-Covid 19 market. See Exhibit B, attached to this letter and made part of the record heretofore. Under the best-case scenario, that would be a deficiency of Two Hundred Twenty-Six Thousand, Five Hundred Twenty-Three dollars and Twenty-Three Cents ($226,523.23). Asset searches have already been done on the mortgagor; such searches demonstrate an inability for the Plaintiff to recover any deficiency judgment against the mortgagor. See Exhibit C, attached to this letter and made part of the record heretofore.

      Moreover, it has been communicated to the Plaintiff's counsel by the Defendant's Counsel that the Defendant has exacerbated the problem of collecting rent from this property during the period of time that this matter is open by moving into the property and further interfering with the Plaintiff's ability to protect the property and recuperate income from the property.

      As such, the Plaintiff respectfully requests that the Court grant Plaintiff's ancillary relief for a Receiver to be appointed to demand, collect, receive from the tenants of the property, their sublessees or other occupants in possession, all rents, maintenance fees and or other charges relating to the property, now due and unpaid or which become due hereafter. To commence, prosecute, defend, and compromise all legal proceedings pending or otherwise, necessary for the

Magistrate Judge Steven I. Locke
United States District Court
Eastern District of New York
Re: JDP Mortgage LLC v. Gosman
19-cv-05968

protection and or preservation of the property and or to recover possession of the whole or any part thereof, but not limited to proceeding for the collection of rents, maintenance fees and other charges relating to the property due or hereafter to become due and for removal of any tenant, subtenant, and or occupant in possession of any part of the property. To rent or lease, from time to time, and to renew and or modify such rental or leases, any part of the property on such terms as the Plaintiff shall consent. To keep the property insured against loss from theft, vandalism, fire or public liability or any other risk deemed prudent by the receiver. To pay taxes, assessments for public improvements and common element charges. To make the repairs necessary for the preservation of the property or any part thereof and bring the property into conformity with all laws, ordinances or regulations pertaining to the property. To retain counsel if it deems such necessary to fulfil its duties. To retain and pay over to itself, as incurred, expenses incurred by the Receiver in fulfilling its obligations pursuant to this order, including out of pocket expenses, provided, that any costs that are unusual shall require court approval.

Parties attempted to resolve our dispute by telephone, Defendant Counsel wished for at least 30 days to respond to this letter motion.

Thank you for your courtesies

Respectfully submitted,

The Law Firm of Adam Kalish P.C.

*Adam Kalish*
Adam Kalish

Cc (via ECF)
Christopher Thompson