

# THE LAW FIRM OF
# ADAM KALISH
P.C.

## 182A 26th Street, Suite 2R, Brooklyn, N.Y., 11232

Adam Kalish Esq.
Office: (718) 857 – 3664
Email: Adam.Kalish@Kalishpc.com

*Hon. Frank Seddio, of Counsel
Former Judge, Surrogate's Court,
Kings County

September 24, 2020

**VIA ECF**

Magistrate Judge Steven I. Locke
100 Federal Plaza
Central Islip, New York 11722

    Re: JDP Mortgage LLC v. Gosman
    19-cv-05968

Dear Judge Locke:

    This letter is written pursuant to your individual rules and local civil rules 37.1 and 37.3 as the reply to opposition pursuant to Federal Rules of Civil Procedure R. 66 for the appointment of a receiver.

    Defendant's defense to this matter and to the motion at hand seems to be that since the defendant purchased the property for Three Hundred Seventy-Five Thousand Dollars ($375,000.00) and moved into the property during the litigation, that is a defense to tortious interference with a contract and thus making the receiver unneeded. However, these actions, go to the very heart of this matter, namely the defendant's fraudulent conduct in purchasing the subject premises without satisfying the mortgage; knowing full well that the property was in active foreclosure litigation.

Applying the factors set forth in Aviation Supply Corp. v R.S.B.I. Aerospace Inc., 999 F.2d 314, 316 (8th Cir. 1993) to the current matter: JDP Mortgage LLC's motion for a receiver meets all six points.

**Defendants Fraudulent Conduct**

As alleged in the Complaint and reaffirmed in the motion, the Defendant purchased a One Million, Four Hundred Fifty Thousand ($1,450,000.00) home for Three Hundred Seventy-Five Thousand ($375,000.00). Defendant purchased the home without satisfying the mortgage, knowing full well that the property was in active foreclosure litigation. The defendant purposely failed to notify the lender of her purchase. When the Plaintiff discovered the transfer of the property and brought about this lawsuit, the Defendant at that point in time moved into the home thereby further preventing the Lender from recovering lost income from the property.

**JDP Mortgage maintains a valid claim**

The defendant's actions of moving into the property after the filing of this lawsuit only further bolsters the validity of the Plaintiff's claims. Namely, that these actions taken by the defendant were done to interfere with the Lender's rights under the mortgage. Defendant has taking possession of the subject premises without satisfying the mortgage and is actively preventing the lender from renting the premises during the current foreclosure litigation.

**Defendant interference diminishes the value of the property**

The defendant's actions diminish the value of the property in two tangible terms. The first and most obvious is that the lender is unable to generate income for the property to offset its losses due to the current impossibility of renting the premises with the defendant residing in the property. Secondly, the defendant's actions diminish the selling value of the property. Upon the foreclosure of the borrower, any potential purchaser is going to offset their legal and times costs of removing this defendant from the property in their purchase price. A property that contains a licensee will not have the same selling value as a vacant property.

**JDP Mortgage has no other legal remedies and or less drastic equitable remedies**

The defendant is not a party to the Note and Mortgage and therefore JDP Mortgage cannot enforce its rights with regards to the mortgage against the Defendant in the State Court proceeding. Without the Court appointing a receiver, the Defendant will continue to enjoy the use and occupancy of the premises to the detriment of the Plaintiff during the length of the litigation in this proceeding and likely beyond.

**A Receiver will be beneficial to the property**

A receiver appointed to oversee the property will be beneficial to the property. A receiver will protect the property, will lease the property to generate income and offset the mortgage losses. Should the defendant decide to properly payoff the mortgage in full, the property will be preserved for the defendant. If the defendant fails to pay the mortgage in full, the property will be preserved for JDP Mortgage and can be sold for full asking price without a licensee occupying the property.

Magistrate Judge Steven I. Locke
United States District Court
Eastern District of New York
Re: JDP Mortgage LLC v. Gosman
19-cv-05968

Seeing that the Plaintiff meets all six points laid out in *Aviations Supply Corp.*, defendant now attempts to attack the motion by claiming that what JDP Mortgage LLC paid the predecessor-in-interest for the note and mortgage should be a factor in deciding the current motion. This argument is a red herring since the 2nd Circuit has been clear on the issue: "An assignment is a separate agreement between the assignor and assignee which merely transfers the assignor's contract rights, leaving them in full force and effect as to the party charged. *Molina v. Barany*, 56 N.Y.S.2d 124, 132 (1945) (construing former N.Y.Pers.Prop.Law § 33-c, the predecessor of Gen.Oblig.Law § 15-301(1)); 6A C.J.S. Assignments §§ 4 and 5, at 593-94. Insofar as an assignment touches on the obligations of the other party to the underlying contract, the assignee simply moves into the shoes of the assignor. 3 *Williston on Contracts, 3d ed.* § 432, at 182. See Citibank, NA v. Tele/Resources, Inc., 724 F. 2d 266 Court of Appeals, 2nd Circuit 1983.

Whether JDP Mortgage paid one dollar or one million dollars, JDP Mortgage LLC steps into the shoes of its predecessor in interest and is granted the rights to enforce the note for the full amount of the note, not for the amount paid for by JDP Mortgage LLC.

Defendant then argues that even though the borrower is currently insolvent against the deficiency judgment, Plaintiff waives its claims to argue that borrower is insolvent because it decided to forego a deficiency judgment. The problem with this argument is twofold: first and foremost, the Defendant has argued that the Court should look to the factors laid out in Aviations Supply Corp., in deciding whether a receiver should be appointed. The insolvency of a borrower is not a factor in the six-point analysis done by the 8th Cir. As discussed above, Plaintiff meets all the criteria for a receiver based on the 8th Cir. analysis. Secondly, Defendant fails to provide any legal reasoning for his claim that the Plaintiff decision to forgo a deficiency judgment based on the clear evidence that the borrower is insolvent would bar a receiver from being appointed. As explained in *In re Kaplan Breslaw Ash, LLC.* 264 B.R. 309, 322 (Bankr. S.D.N.Y. 2001). Insolvency is defined as "when the present fair salable value of [an individual's] assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured." N.Y. Debt. & Cred. Law § 271. The Court does not look to the future possibility that the borrower will suddenly become solvent to pay this judgment.

The final defense that the Defendant argues is based on the mortgage itself. Specifically, that the default clause under the mortgage does not clearly state that the lender has a right to put a tenant in the property for the collection of rent. While both parties agree that the specific provision providing for the assignment of rents and leases is not found in this particular mortgage, the ambiguous language written into the mortgage allows for the Court to use the customs, practices, usages and terminology as generally understood in the particular trade or business to add context to the mortgage. As the 2nd Circuit has stated in Law Debenture Trust Co. of NY v. Maverick Tube Corp., 595 F. 3d 458 Court of Appeals 2nd Cir. 2010:

> An ambiguity exists where the terms of the contract "could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *International Multifoods*, 309 F.3d at 83 (internal quotation marks

Magistrate Judge Steven I. Locke
United States District Court
Eastern District of New York
Re: JDP Mortgage LLC v. Gosman
19-cv-05968

omitted). Evidence as to such custom and usage is to be considered by the court where necessary to understand the context in which the parties have used terms that are specialized. *See, e.g., Fox Film Corp. v. Springer*, 273 N.Y. 434, 8 N.E.2d 23 (1937). When the parties have used contract terms which are "in common use in a business or art" and have "a definite meaning understood by those who use them," but which "convey no meaning to [t]hose who are not initiated into the mysteries of the craft," the parties, in order to have the court construe their contracts, "must furnish [the court] with the dictionaries they have used." *Id.* at 436, 8 N.E.2d at 24. In such circumstances, the court "must be informed of the meaning of the language as generally understood in that business, in the light of the customs and practices of the business." *Id.* at 437, 8 N.E.2d at 24.

Thus, when the Mortgage states that "lender may do and pay for whatever is reasonable or appropriate to protect lender's interest in the property and lender's rights under the security agreement." Or "Lender can also enter the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous condition, have utilities turned on or off, and take any other action to secure the property" these terms or covenants are generally understood in the banking industry to allow a lender to protect the property by any means necessary including leasing the property.

As set forth above, the JDP Mortgage LLC has satisfied the standard as put forth under Aviation Supply Corp. and or Graybill v. Heylman. As such, it is respectfully requested that the motion be granted in its entirety.

Respectfully submitted,

Very truly yours,

Adam Kalish