UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JDP MORTGAGE LLC,                                    Civil Action No.: 19-cv-05968(JS)(SIL)

                                    Plaintiff,

-Against-

MICHELE ANN GOSMAN,

                                    Defendant.

-------------------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS MOTION TO COMPEL DISCOVERY


Dated: West Islip, New York
       October 5, 2020


                            Respectfully submitted,

                            CHRISTOPHER THOMPSON, ESQ.
                            *Attorney for Plaintiffs*
                            33 Davison Lane East
                            West Islip, New York 11795
                            (631) 983-8830
                            Ctalawman@aol.com

                            By: *Christopher Thompson, ESQ.*
                                Christopher Thompson, ESQ.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................ i

PRELIMINARY STATEMENT ................................................... 2

ARGUMENT ....................................................................... 4

POINT I

The Court should compel Plaintiff pursuant to Fed. R. Civ. P. 37(A)(3)(B)(iv) to produce: (a) All Documents or Communications relating to, or evidencing the office location and or locations of JDP Mortgage LLC. (b) All Documents or Communications relating to, or evidencing the members of JDP Mortgage LLC from its inception to the date of the response to this discovery request. (c) All Correspondence, Documents or Communications relating to, or evidencing the purchase of the Note and mortgage which is the subject of this action. (d) All Correspondence, Documents or Communications relating to, or evidencing the purchase price for the Note and mortgage which is the subject of this action. (e) All Correspondence, Documents or Communications relating to, or evidencing the payment of the purchase price for the Note and mortgage which is the subject of this action. (f) All Correspondence, Documents or Communications relating to, or evidencing the servicing of the Note and mortgage which is the subject of this action, including but not limited to the "Good Bye" and "Hello" letters required to service such loan. (g) Any and all records of any and all communications and/or any and all agreements, including but not limited to agreements, exchanged between Plaintiff and predecessor in interest in any way relating to the Note and Mortgage issued in connection with the Premises, all as demanded pursuant to Fed. R. Civ. P. 34.

CONCLUSION ................................................................... 10

## TABLE OF AUTHORITIES

*American Sav. Bank , FSB v. UBS Paine Webber, Inc. (Inre Fitch, Inc.)*
330 F.3d 104 (2d Cir. 2003) ................................................................5

*Huayuan Chen v. Stony Brook University Advancement*, 2017 U.S. Dist.
LEXIS 35553 (E.D.N.Y. Mar. 13, 2017) .........................................8

*Pothen v. Stony Brook University,* 2017 U.S. Dist. LEXIS 37233,
2017 WL 1025856, *2 (E.D.N.Y. 2017)..........................................5

*Vaigasi v. Solow Mgmt. Corp.,* 2016 U.S. Dist. LEXIS
18460, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) ...................6

*Evans v. Calise,* 1994 U.S. Dist. LEXIS 6187, 1994 WL 185696, at *1 (S.D.N.Y. 19.......6

*Mandell v. The Maxon Co., Inc.,* 2007 U.S. Dist.
LEXIS 99238, 2007 WL3022552, at *1 (S.D.N.Y. 2007) ......................6

*Surles v. Air France,* 2001 U.S. Dist. LEXIS 15315, 2001 WL 1142231,
at *2 (S.D.N.Y. 2001) .....................................................................6

*Mirra v. Jordan,* 2016 U.S.Dist. LEXIS 28793, 2016
WL 889683, at *2 (S.D.N.Y.2016) ....................................................6

## STATUTES AND RULES

42 U.S.C. § 1332 ...........................................................................2

Fed. R. Civ. P. 1 ...........................................................................8,9

Fed. R. Civ. P. 26 ........................................................... 5,6,7

Fed. R. Civ. P. 34 ........................................................... 2, 5

Fed R. Civ. P. 37 ...........................................................1, 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

JSP MORTGAGE LLC,                                        Civil Action No.: 19-cv-05968(JS)(SIL)

                                        Plaintiff,

-Against-

MICHELE ANN GOSMAN,

                                        Defendant.

-----------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS MOTION TO COMPEL DISCOVERY

Defendant, MICHELE ANN GOSMAN, by and through her counsel, CHRISTOPHER

THOMPSON, ESQ., respectfully submit this Memorandum of Law in support of their instant motion

for an Order for an Order: (1) To compel Plaintiff pursuant to *Fed. R. Civ. P. 37(A)(3)(B)(iv)* to

produce: (a) All Documents or Communications relating to, or evidencing the office location and or

locations of JDP Mortgage LLC. (b) All Documents or Communications relating to, or evidencing the

members of JDP Mortgage LLC from its inception to the date of the response to this discovery request.

(c) All Correspondence, Documents or Communications relating to, or evidencing the purchase of the

Note and mortgage which is the subject of this action. (d) All Correspondence, Documents or

Communications relating to, or evidencing the purchase price for the Note and mortgage which is the

subject of this action. (e) All Correspondence, Documents or Communications relating to, or evidencing

the payment of the purchase price for the Note and mortgage which is the subject of this action. (f) All

Correspondence, Documents or Communications relating to, or evidencing the servicing of the Note and

mortgage which is the subject of this action, including but not limited to the "Good Bye" and "Hello"

letters required to service such loan. (g) Any and all records of any and all communications and/or any

1

and all agreements, including but not limited to agreements, exchanged between Plaintiff and predecessor in interest in any way relating to the Note and Mortgage issued in connection with the Premises, all as demanded pursuant to *Fed. R. Civ. P. 34*, and (2) For such other and further relief as is just and proper.

## PRELIMINARY STATEMENT

Plaintiffs commenced this action pursuant to *42 U.S.C. § 1332* claiming diversity and asserting only two (2) claims. The first seeks damages for tortious interference with a contract and the second seeks damages for unjust enrichment as it related to a Note and Mortgage alleged to have been executed by Melvin Kanan (hereinafter "Kanan") the non-party and former owner and mortgagor of the premises known as 86 East Lake Drive, Montauk, New York 11954 (hereinafter the "Property"). Defendant is the owner of the Premises and resides at the premises with her husband.

During discovery Defendant served upon Plaintiff her First Notice for Production of Documents seeking nineteen (19) topics of documents. In response to the demand Plaintiff provided an incomplete response. Defense counsel communicated with Plaintiff's counsel demanding document discovery responsive to the outstanding demands and was advised in writing, verbally and at the Courts recent compliance conference held on September 9, 2020, that no such documents responsive to the demand would be provided. As a result, the Court set a motion schedule to address Defendants demand for same.

At issue is Plaintiff's failure to provide the following:

- All Documents or Communications relating to, or evidencing the office location and or locations of JDP Mortgage LLC as set forth in demand #4.

- All Documents or Communications relating to, or evidencing the members of JDP Mortgage LLC from its inception to the date of the response to this discovery request as set forth in demand #5.

- All Correspondence, Documents or Communications relating to, or evidencing the purchase of the Note and mortgage which is the subject of this action as set forth in demand #9.

- All Correspondence, Documents or Communications relating to, or evidencing the purchase price for the Note and mortgage which is the subject of this action as set forth in demand #10.

- All Correspondence, Documents or Communications relating to, or evidencing the payment of the purchase price for the Note and mortgage which is the subject of this action as set forth in demand #11.

- All Correspondence, Documents or Communications relating to, or evidencing the servicing of the Note and mortgage which is the subject of this action, including but not limited to the "Good Bye" and "Hello" letters required to service such loan as set forth in demand #12.

- Any and all records of any and all communications and/or any and all agreements, including but not limited to agreements, exchanged between Plaintiff and predecessor in interest in any way relating to the Note and Mortgage issued in connection with the Premises as set forth in demand #14.

Plaintiff asserts in its response to demand #4 as follows: "See General Objections 2 (General Objection 2 reads: 'Plaintiff object to the Demands to the extent that they seek information that is not material or necessary in the prosecution or defense of this action and/or is not reasonably calculated to lead to the discovery of admissible evidence'), which are incorporated by references as though set forth fully herein. Subject to and without waiving the foregoing objections, see attached Operating Agreement."

3

Plaintiff asserts in its response to demand #5 as follows: "See General Objections 2, which are incorporated by references as though set forth fully herein. Subject to and without waiving the foregoing objections, see attached Operating Agreement."

Plaintiff asserts in its response to demand #9, #10, #11, #12 and #14 as follows: "See General Objection 2,3,4 (General Objection 3 reads: 'Plaintiffs objects to the Demands to the extent they are unduly burdensome, vague, ambiguous, over broad and lack particularity.')('General Objection 4 reads: Plaintiffs objects to the Demands to the extent that they seek confidential or proprietary information, including private information concerning non-parties.'), which are incorporated by reference as though set forth fully herein."

None of the objections to Defendants demands are valid and the Court should compel the disclosure demanded since such documents are relevant in support of Defendants defense on the merits.

## ARGUMENT

POINT I

The Court should compel Plaintiff pursuant to *Fed. R. Civ. P. 37(A)(3)(B)(iv)* to produce: (a) All Documents or Communications relating to, or evidencing the office location and or locations of JDP Mortgage LLC. (b) All Documents or Communications relating to, or evidencing the members of JDP Mortgage LLC from its inception to the date of the response to this discovery request. (c) All Correspondence, Documents or Communications relating to, or evidencing the purchase of the Note and mortgage which is the subject of this action. (d) All Correspondence, Documents or Communications relating to, or evidencing the purchase price for the Note and mortgage which is the subject of this action. (e) All Correspondence, Documents or Communications relating to, or evidencing the payment of the purchase price for the Note and mortgage which is the subject of this action. (f) All Correspondence, Documents or Communications relating to, or evidencing the servicing of the Note and mortgage which is the subject of this action, including but not limited to the "Good Bye" and "Hello" letters required to service such loan. (g) Any and all

4

records of any and all communications and/or any and all agreements, including but not limited to agreements, exchanged between Plaintiff and predecessor in interest in any way relating to the Note and Mortgage issued in connection with the Premises, all as demanded pursuant to Fed. R. Civ. P. 34.

Standards Applicable:

A motion to compel is entrusted to the sound discretion of the district court. *American Sav. Bank, FSB v. UBS Paine Webber, Inc. (In re Fitch, Inc.)*, 330 F.3d 104, 108 (2d Cir. 2003); *United States v. Sanders*, 211 F3d711, 720 (2d Cir. 2000).

The scope of discovery is set forth in *Rule 26 of the Federal Rules of Civil Procedure*. That Rule has been amended, on several occasions, to reflect evolving judgments as to the proper scope of discovery. Over time, these amendments have been aimed at striking the proper balance between the need for evidence, and the avoidance of undue burden or expense. *Pothen v. Stony Brook University, 2017 U.S. Dist. LEXIS 37233, 2017 WL 1025856, *2 (E.D.N.Y. 2017)*. In 1999, *Rule 26(b)(1)* stated that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." *Fed. R. Civ. P. 26(b)(1)* (1999). In 2000, in an effort to curb over-discovery that took advantage of tying the term "subject matter" to the definition of the scope of discovery, *Rule 26* was amended. See *Fed. R. Civ. P. 26(b)(1)*, Advisory Comm. Notes (2000). That amendment required a party to show "*good cause*" before obtaining discovery that is "relevant to the subject matter involved in the action." *Fed. R. Civ. P. 26(b)(1)*. Id.

*Rule 26* was again amended effective December 1, 2015. The scope of discovery is now defined to consist of information that is relevant to the parties' "claims and defenses." Thus, the discretionary authority to allow discovery of "any matter relevant to the subject matter involved

in the action" has been eliminated. Additionally, the current version of *Rule 26* defines permissible discovery to consist of information that is, in addition to being relevant "to any party's claim or defense," also "proportional to the needs of the case." Id.

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Vaigasi v. Solow Mgmt. Corp., 2016 U.S. Dist. LEXIS 18460, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016)* (quoting *Fed. R. Evid. 401*). Further, "[t]he party seeking the discovery must make a prima facie showing, that the discovery sought is more than merely a fishing expedition." *Evans v. Calise, 1994 U.S. Dist. LEXIS 6187, 1994 WL 185696, at *1 (S.D.N.Y. 1994)*; see also *Mandell v. The Maxon Co., Inc., 2007 U.S. Dist. LEXIS 99238, 2007 WL 3022552, at *1 (S.D.N.Y. 2007)* ("[T]he party seeking discovery bears the burden of initially showing relevance." (citation omitted)); see also *Surles v. Air France, 2001 U.S. Dist. LEXIS 15315, 2001 WL 1142231, at *2 (S.D.N.Y. 2001)* (refusing to permit discovery where defendant had no factual basis that requests would lead to relevant evidence). It is well established that "[m]otions to *compel* are left to the court's sound discretion." *Mirra v. Jordan, 2016 U.S. Dist. LEXIS 28793, 2016 WL 889683, at *2 (S.D.N.Y. 2016)*; see also *Liberty Mut. Ins. Co. v. Kohler Co., 2010 U.S. Dist. LEXIS 45797, 2010 WL 1930270, at *2 (E.D.N.Y. 2010)* ("[A] motion to *compel* is entrusted to the sound discretion of the district court."). Id.

As demonstrated, the discretionary authority to allow discovery of "any matter relevant to the subject matter involved in the action" has been eliminated. Additionally, the current version of *Rule 26* defines permissible discovery to consist of information that is, in addition to being relevant "to any party's claim or defense," also "proportional to the needs of the case." *Fed. R. Civ. P. 26(b)(1)*.

While proportionality factors have now been incorporated into the *Rule 26(b)(1)* definition, those factors were already a part of Federal discovery standards, appearing in *Rule 26(b)(2)(C)(iii)*. Those proportionality factors have now been restored to the place of their intended importance by their incorporation into the very definition of permissible discovery. See *Fed. R. Civ. P. 26(b)(1)*, Advisory Comm. Notes (2015) (noting that amendment "restores the place of their intended importance by their incorporation into the very definition of permissible discovery. See *Fed. R. Civ. P. 26(b)(1)*, Advisory Comm. Notes (2015) (noting that amendment "restores the proportionality factors to their original place in defining the scope of discovery," and "reinforces the *Rule 26(g)* obligation of the parties to consider these factors in making discovery requests, responses, or objections"). The specific proportionality factors to be assessed when considering the scope of discovery are:

- The importance of the issues at stake in the litigation;
- The amount in controversy;
- The parties' relative access to relevant information;
- The parties' resources;
- The importance of discovery in resolving issues; and
- Whether the burden or expense of the discovery is outweighed by the benefit.

*Fed. R. Civ. P. 26(b).*

Notably absent from the present *Rule 26* is the all too familiar, but never correct, iteration of the permissible scope discovery as including all matter that is "reasonably calculated to lead to" the discovery of admissible evidence. This language was never intended to define the scope of discovery, but was intended only to make clear that the discovery is not limited by the concept of admissibility. Unfortunately, the "reasonably calculated" language has often been employed to refer to the actual scope of discovery. Clearing up this misinterpretation, the new Rule disposes of this language, ending the incorrect, but widely quoted, misinterpretation of the scope of

discovery. The present definition of the scope of discovery continues to refer to admissibility, but only by stating that "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." *Fed. R. Civ. P. 26(b)*.

Overarching the interpretation of *Rule 26*, and indeed all of the Federal Rules of Civil Procedure, is the standard referred to in *Rule 1* thereof. That Rule, as amended in December of 2015, requires that the Federal Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *Fed. R. Civ. P. 1* (emphasis added). See Comment to 2015 Amendment to *Rule 1* (noting that "the parties share the responsibility" to employ the rules consistently with the standards of *Rule 1*, and that "[e]ffective advocacy is consistent with -- and indeed depends upon -- cooperative and proportional use of procedure") (emphasis added). Judicial involvement has long been recognized as critical to the effective management of discovery. Thus, as early as 1983, the Advisory Committee explained that "[t]he rule contemplates greater judicial involvement in the discovery process and thus acknowledges the reality that it cannot always operate on a self-regulating basis." Committee Notes (2015) (referring to 1983 notes). Again in 2000, the Advisory Committee noted that it had been "informed repeatedly by lawyers that involvement of the court in managing discovery is an important method of controlling problems of inappropriately broad discovery") (Committee Notes 2000). The 2015 amendment revisits this theme, noting that the amendment "again reflects the need for continuing and close judicial involvement in the cases that do not yield readily to the ideal of effective party management," including that cases where "the parties fall short of effective, cooperative management on their own." Advisory Comm. Notes 2015. *Huayuan Chen*

*v. Stony Brook University Advancement*, 2017 U.S. Dist.LEXIS 35553 (E.D.N.Y. Mar. 13, 2017).

Applying the Standards

It is respectfully submitted the above are the standards for this Court to consider in the present application.

In the within action Defendant seeks documents (demand #4 and #5) demonstrating the office location of Plaintiff and the membership interest from the inception of Plaintiff up to the date of the response in order to establish whether or not diversity truly exists. Applying the factors set forth above, the importance of the existence of diversity is paramount. The amount in controversy is according to Plaintiff in excess of $75,000.00. Plaintiff is the only party with relative access to this information demanded. Plaintiff is a sophisticated businessman with presumably substantial resources and Defendant is an individual struggling to keep her home. Discovery in this instance can be dispositive of the action. As such, the documents demanded are relevant. Furthermore, Plaintiff in their refusal to disclose these documents did not assert that such response was privileged.

In addition, Defendant seeks documents (demand #9, #10, #11, #12 and #14) demonstrating the agreement between Plaintiff and the predecessor-in-interest from whom they purchased the Note and Mortgage from which they allege Defendant has tortuously interfered. Applying the factors set forth above, these documents are integral to both the litigation and the possible settlement of the litigation. Again, the amount in controversy according to Plaintiff is in excess of $75,000.00. Plaintiff is the only party with relative access to this information demanded. Plaintiff is a sophisticated businessman with presumably substantial resources and Defendant is an individual struggling to keep her home. There is no true burden or expense to

produce the documents demanded. As such they are relevant. Again, Plaintiff in their refusal to disclose these documents did not assert that such response was privileged.

Defendant asserts that it will be satisfied with a copy of any lease for the locations wherein Plaintiff has a location and a representation that Plaintiff is a single member Limited Liability Company in compliance with demand #4 and #5. Furthermore, Defendant asserts that it will be satisfied with a fully executed copy of the purchase agreement for the purchase of the Note and Mortgage which is the basis of their claim in compliance with demand # 9, #10, #11 and #14. Finally, Defendant asserts it will be satisfied with a copy of the "Good Bye" and "Hello" letters required to service such loan in compliance with demand #12.

Certainly, the production of presumably a few dozen pages of documents is neither burdensome nor expensive for Plaintiff's to comply. Here, Plaintiff is seeking damages for the alleged tortious interference with a contract (the Note and Mortgage) and unjust enrichment. In order to establish its damages, if any, it cannot claim the full face value of the Note and Mortgage it that is not the amount they paid for same.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that discovery be compelled and for such other and further relief as is just and proper.

Dated: West Islip, New York
    October 5, 2020

Respectfully submitted,

CHRISTOPHER THOMPSON, ESQ.
*Attorney for Plaintiff's*
33 Davison Lane East
West Islip, New York 11795
(631) 983-8830
Ctalawman@aol.com
By: *Christopher Thompson, ESQ.*
    Christopher Thompson, ESQ.

Christopher Thompson, ESQ.
THE LAW OFFICES OF CHRISTOPHER THOMPSON
33 Davison Lane East
West Islip, New York 11795
T: (631) 983-8830
F: (631) 983-8831
Attorney for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

JDP MORTGAGE LLC,                                        Civil Action No.: 19-cv-05968(JS)(SIL)

                                    Plaintiff,           **DECLARATION OF**
-Against-                                                **CHRISTOPHER THOMPSON**

MICHELE ANN GOSMAN,
                                    Defendant.

-------------------------------------------------------------------x

I, Christopher Thompson, Esq., declare as follows:

     1.     I am a member of the Bar of this Court and the attorney for the Defendant,

MICHELE ANN GOSMAN, in the above-captioned action. I am fully familiar with the

facts set forth herein. I submit this Declaration in support of Defendants motion to

compel discovery.

     2.     Specifically, Plaintiffs seek an Order: To compel Plaintiff pursuant to Fed.

R. Civ. P. 37(A)(3)(B)(iv) to produce: (a) All Documents or Communications relating to,

or evidencing the office location and or locations of JDP Mortgage LLC. (b) All

Documents or Communications relating to, or evidencing the members of JDP Mortgage

LLC from its inception to the date of the response to this discovery request. (c) All

Correspondence, Documents or Communications relating to, or evidencing the purchase of

the Note and mortgage which is the subject of this action. (d) All Correspondence,

Documents or Communications relating to, or evidencing the purchase price for the Note

1

and mortgage which is the subject of this action. (e) All Correspondence, Documents or Communications relating to, or evidencing the payment of the purchase price for the Note and mortgage which is the subject of this action. (f) All Correspondence, Documents or Communications relating to, or evidencing the servicing of the Note and mortgage which is the subject of this action, including but not limited to the "Good Bye" and "Hello" letters required to service such loan. (g) Any and all records of any and all communications and/or any and all agreements, including but not limited to agreements, exchanged between Plaintiff and predecessor in interest in any way relating to the Note and Mortgage issued in connection with the Premises, all as demanded pursuant to Fed. R. Civ. P. 34, and (2) For such other and further relief as is just and proper.

3.      Defendant served Plaintiff with Defendants First Notice for Production of Documents dated June 1, 2020 (**Exhibit "A"**).

4.      In response Defendant received Plaintiff's Response an Objection of Defendants Demand for Production dated July 21, 2020 (**Exhibit "B"**).

5.      Defendant deemed Plaintiff's demand inadequate and requested of Plaintiff's counsel whether further responses could be expected and was advised that no further response was forthcoming in an email chain dated August 27, 2020 in a good faith effort to resolve the discovery issue (**Exhibit "C"**).

6.      As set forth in the Memorandum of Law attached Defendant is entitled to the discovery requested and this Court should compel compliance with the discovery demand.

Pursuant to 28 USC 1746(2), I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct.

Executed in West Islip, New York on the 5th day of October 2020.

/s/    Christopher Thompson, ESQ.
Christopher Thompson, ESQ.

EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JDP MORTGAGE LLC.,

Civil Action No.:
2:19-cv-05968-JS-SIL

Plaintiff,

**DEFENDANT'S FIRST
NOTICE FOR PRODUCTION
OF DOCUMENTS**

-against-

MICHELE ANN GOSMAN

Defendants.

------------------------------------------------------------x

    **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 34, the Defendant, MICHELE ANN GOSMAN, by her attorneys, The Law Office of Christopher Thompson, hereby requests the Plaintiff, JDP Mortgage LLC, to produce the documents requested in the following Defendant's First Notice for Production of Documents ("the Notice"), on or before July 1, 2020, in accordance with the following definitions, instructions and said rule.

    **PLEASE TAKE FURTHER NOTICE** that the Notice is without prejudice to, and shall not in any manner whatsoever be construed as a waiver of the Defendant's right to serve additional or supplementary Notices for Discovery and Inspection as well as to utilize any and all other discovery demands and devices permitted by Federal Rules of Civil Procedure.

    **PLEASE TAKE FURTHER NOTICE** that, in lieu of the production of original documents, photocopies of such documents, or electronically scanned PDF images of same on USB Thumb Drive may be served upon the offices of the undersigned attorneys for the Defendant so that they are received on or before the return date.

    **PLEASE TAKE FURTHER NOTICE** that your default will result in an application being made to the Court for appropriate relief, with costs.

1

# INSTRUCTIONS AND DEFINITIONS

## A.     Instructions.

1.     The documents provided in response to the Notice must include all documents available to the Plaintiff, including documents in the possession, custody or control of their agents and employees, including their attorneys, their investigators and all persons acting on their behalf or under their control.

2.     With respect to any documents or portions thereof which have been lost, destroyed, discarded or otherwise disposed of since their preparation or request, provide the following information separately as to each such document: (i) general description of the subject matter; (ii) author; (iii) recipient(s); (iv) date; (v) last custodian of the document or copies thereof; (vi) the full particulars or circumstances whereby the document was lost, destroyed, discarded or otherwise disposed of; and (vii) a description sufficient to form the basis for a request for production of any other document(s) containing some or all of the information contained in the document lost, destroyed, discarded or otherwise disposed of.

3.     With respect to any documents or portions thereof which have been withheld from production on the ground of privilege, work product or otherwise, provide the following information separately as to each such document: (a) the basis for withholding production of the document (e.g., attorney-client privilege); (b) the identity of the client and the attorney(s); (c) if the basis for withholding production of a document is work product or trial preparation materials, the identity of the litigation in anticipation of which the document was prepared or of the trial for which the document was prepared; (d) the title and subject matter of the document; (e) type of document (e.g., letter, memorandum); (f) the composition of document (e.g., typed, handwritten or taped); (g) whether the document is an original or a copy; (h) the number of pages of the

2

document; (i) date of the document; (j) author(s) of the document, including, without limitation, the person who drafted or otherwise prepared the document, the person who signed the document, and the company or other entity on whose behalf the document was prepared or signed; and (k) recipient(s) of the document, including, without limitation, any person to whom the document was sent, shown or who otherwise was aware of the contents of the document.

4.      The Notice is continuing in nature.  If, after responding to the Notice, the Plaintiff obtains or becomes aware of any further documents responsive to the Notice, supplementary production is required.  Such supplementary responses are to be served upon counsel for the Defendant within ten (10) days after the Plaintiff know, or should have known, of such documents.

**B.      Definitions.**

1.      "Complaint" means the complaint filed in this action on October 23, 2019, respectively.

2.      "Answer" means answer with counterclaims filed in this action on January 10, 2020.

3.      "Communication" means the transmittal of information, both orally and in writing, including transmission by electronic means such as facsimile or e-mail.

4.      "Correspondence" means the transmittal of documents, including transmission by electronic means such as facsimile or e-mail.

5.      "Premises" means the property known as 86 East Lake Drive, Montauk, New York, 11954.

6.      "Mortgage" refers to the mortgage, dated November 30, 2006, to Wells Fargo Bank N.A. (hereinafter, "WFB"), as the lender, in the amount of $910,000.00.

7.      "Note" refers to the promissory note securing the Mortgage, dated November 30, 2006 in the amount of $910,000.00 to WFB.

8. "Assignment" refers to all the assignments of the Mortgage including but not limited to those, dated September 28, 2010 to Bank of America N.A., February 4, 2015, to PennyMac Corp. and August 28, 2015, to PMT NPL Financing 2015-1., to JDP Mortgage. (hereinafter, "Plaintiff").

9. "Document" means the original (or any copy when the original is not available), any non-identical copies (whether different from the original because of notes made on such copies or otherwise), and all drafts, of all written, printed, typed, audio, video, or other drawing or graphic matter of any kind or nature, including paper, electronic and computerized files, as well as other data stored or recorded by or within any computer or data processing system, memory chip, disk, film, tape or other media, including but not limited to, books, records, pamphlets, letter, reports, studies, memoranda, manuals, notes, computer programs, computer printouts, e-mails, telephone messages, or inter or intra-office communications or papers, forms, charts, drawings, financial records or other verbal, numerical or pictorial recordings.

### C.    Rules of Construction.

1. The use of the singular form of any word includes the plural and *vice versa.*

2. Any pronoun shall mean the masculine, feminine or neuter gender, as in each case may be appropriate.

3. The terms "and", "or" and "and/or" shall be constructed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. The terms "all", "each" and "all/each" shall be construed as all and each.

5.      The term "referring to", "reflecting" or "relating to", in addition to their ordinary meanings, also mean concerning, discussing, mentioning, compromising, consisting of, evaluating or analyzing, in whole or in part, directly or indirectly.

## DOCUMENTS TO BE PRODUCED

1.      Any and all Documents or Communications relating to, or evidencing, the formation of JPD Mortgage LLC.

2.      Any and all Correspondence, Documents or Communications relating to, or evidencing, the formation of JDP Mortgage LLC.

3.      All Documents or Communications relating to, or evidencing, the formation of JDP Mortgage LLC.

4.      All Documents or Communications relating to, or evidencing the office location and or locations of JDP Mortgage LLC.

5.      All Documents or Communications relating to, or evidencing the members of JDP Mortgage LLC from its inception to the date of the response to this discovery request.

6.      Please furnish the undersigned with copies of valid driver's licenses for each of the members of JDP Mortgage LLC for the period between its inception and the date of the response to this discovery request.

7.      Please furnish the undersigned copies of social security cards for each of the members of JDP Mortgage LLC for the period between its inception and the date of the response to this discovery request.

8.      Please furnish the undersigned with copies of any and all leases for the office location and or locations of JDP Mortgage LLC.

5

9.     Please furnish the undersigned with any and all Correspondence, Documents or Communications relating to, or evidencing the purchase of the Note and mortgage which is the subject of this action.

10.     Please furnish the undersigned with any and all Correspondence, Documents or Communications relating to, or evidencing the purchase price for the Note and mortgage which is the subject of this action.

11.     Please furnish the undersigned with any and all Correspondence, Documents or Communications relating to, or evidencing the payment of the purchase price for the Note and mortgage which is the subject of this action.

12.     Please furnish the undersigned with any and all Correspondence, Documents or Communications relating to, or evidencing the servicing of the Note and mortgage which is the subject of this action, including but not limited to the "Good Bye" and "Hello" letters required to service such loan.

13.

14.     Any and all records of any and all communications and/or any and all agreements, including but not limited to agreements, exchanged between Plaintiff and predecessor in interest in any way relating to the Note and Mortgage issued in connection with the Premises.

15.     All legal documents associated with any and all civil lawsuits brought by any private party in connection with the Plaintiff, including but not limited to all documents filed with any state or federal court (including but not limited to complaints and answers) and any and all deposition transcripts.

16.     All legal documents associated with any and all civil lawsuits brought by Plaintiff against any private party, including but not limited to all documents filed with any state or

6

federal court (including but not limited to complaints and answers) and any and all deposition transcripts.

      17.    All Documents and/or reports rendered by any expert who has been contacted and/or retained for this litigation by the Plaintiff.

      18.    All Correspondence, Communications, or Documents relating to the Premises.

      19.    All Documents and/or statements which the Plaintiff contends constitute an admission by the Defendant.

      20.    All Documents the Plaintiff intends to use against the Defendant at the trial of this action.

Dated: West Islip, New York
      June 1, 2020

                    LAW OFFICES OF CHRISTOPHER THOMPSON
                    By: *Christopher Thompson, ESQ.*
                     CHRISTOPHER THOMPSON, ESQ.
                    *Attorney for Defendant, Michele Ann Gosman*
                    33  Davison Lane East
                    West Islip, New York, 11795
                    Ph: 1(631) 983-8830
                    Email: ctalawman@aol.com

To:    Counsel for Plaintiff (via email)