UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JDP MORTGAGE LLC,

                              Plaintiff,                      **REPORT AND**
                                                                **RECOMMENDATION**
    -against-                                     19-cv-5968 (JS)(SIL)

MICHELE ANN GOSMAN

                              Defendant.
------------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court, on referral from the Honorable Joanna Seybert for Report and Recommendation, is Plaintiff JDP Mortgage LLC's ("Plaintiff" or "JDP Mortgage") Motion to Appoint a Receiver ("Pl. Motion"). *See* Docket Entry ("DE") [21]. By way of Complaint filed on October 23, 2019, Plaintiff commenced this action alleging that Defendant Michele Ann Gosman ("Defendant" or "Gosman") tortiously interfered with a mortgage contract originally executed by Wells Fargo Bank, N.A. ("Wells Fargo") and subsequently assigned to Plaintiff, on the one hand, and the mortgagor, Melvin Kanan ("Kanan"), on the other hand, and that Defendant became unjustly enriched as a result of her interference. *See* Complaint ("Compl."), DE [1]. Gosman filed her Answer to Plaintiff's Complaint and a Counterclaim against JDP Mortgage on January 10, 2020, *see* Defendant's Answer and Counterclaim ("Def. Ans."), DE [9], and Plaintiff filed its Answer to Defendant's Counterclaim on January 16, 2020. *See* DE [11].

      JDP Mortgage filed its initial Motion to Appoint a Receiver on May 18, 2020, *see* DE [16], which this Court dismissed without prejudice on June 2, 2020, to be

1

renewed in compliance with the Court's bundling rule. *See* DE [18]. Plaintiff reserved its Motion to Appoint a Receiver on August 24, 2020, *see* DE [21], and Gosman served her Opposition to JDP Mortgage's Motion to Appoint a Receiver on September 24, 2020. *See* Defendant's Opposition to Plaintiff's Motion to Appoint a Receiver ("Def. Opp."), DE [22]. For the following reasons, the Court respectfully recommends that Plaintiff's Motion to Appoint a Receiver be denied.

## I. BACKGROUND

Plaintiff is a Florida limited liability company, Compl. ¶ 1, while Defendant is an individual residing in New York State. *Id.* at ¶ 2. On or about July 13, 1989, Kanan purchased the property at issue, 86 East Lake Drive, Montauk, NY 11954 ("86 East Lake Drive" or the "Property"). *Id.* at ¶ 7. On or about November 30, 2006, Kanan refinanced the Property with a loan from Wells Fargo in the amount of $910,000, *see* Def. Opp., Exhibit ("Exh.") D, and the mortgage was properly recorded with the Suffolk County Clerk. Def. Opp., 28-30; Compl. ¶¶ 8-9. Subsequently, on or about February 1, 2010, Wells Fargo purportedly declared the mortgage on the Property to be in default. Compl. ¶ 16.

According to Plaintiff, after the refinancing, Kanan allegedly transferred the property to a limited liability company, known as Hampton Dream Properties LLC ("Hampton Dream"). *Id.* at ¶ 13. On or about November 25, 2014, Gosman purchased the Property from Hampton Dream and, though the property was deeded to Defendant, the remainder of the mortgage was not paid. *Id.* at ¶¶ 14-15. On or about

May 14, 2018, Wells Fargo assigned its interests and rights concerning the Property to Plaintiff. *Id.* at ¶ 18.

JDP Mortgage brought suit and now moves for appointment of a receiver to "protect its rights in the property, including to but not limited to leasing the property for the benefit of the lender." DE [21], 2.

## II. RECEIVER APPOINTMENT STANDARD

Federal courts are permitted to appoint receivers pursuant to Rule 66 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under Rule 66, such an appointment "must accord with the historical practice in federal courts or with a local rule." Fed. R. Civ. P. 66. In the Second Circuit, "the appointment of a receiver is considered to be an extraordinary remedy" that "should be employed cautiously and granted only when clearly necessary to protect plaintiff's interests in the property." *Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 365-66 (S.D.N.Y. 2000); *see also Rosen v. Siegel*, 106 F.3d 28, 34 (2d Cir. 1997); *Citibank, N.A. v. Nyland (CF8), Ltd.*, 839 F.2d 93, 97 (2d Cir. 1988); *Chambers v. Blickle Ford Sales, Inc.*, 313 F.2d 252, 260 (2d Cir. 1963). Federal courts have the power to "appoint a receiver in order to protect a party's interest in property. . . pending resolution of a dispute over ownership or control between it and another party with a claim to the property." *Varsames*, 96 F. Supp. 2d at 365-66.

In diversity cases, the decision of whether to appoint a receiver is governed by federal common law, and district courts in this Circuit generally consider the

3

following factors, originally set forth by the Eighth Circuit in *Aviation Supply Corp v. R.S.B.I. Aerospace, Inc.*:

> [(1)] [any f]raudulent conduct on the part of defendant; [(2)] the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; [(3)] the inadequacy of the available legal remedies; [(4)] the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and, in more general terms, [(5)] plaintiff's probable success in the action and [(6)] the possibility of irreparable injury to his interests in the property.

999 F.2d 314, 316-17 (8th Cir. 1993); *see also Meisels v. Meisels*, No. 19 CV 4767, 2020 WL 7000903, *5 (E.D.N.Y. May 12, 2020) (applying factors); *U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop., LLC*, 859 F. Supp. 2d 602, 610 (S.D.N.Y. 2012) (same) (citation omitted).

A plaintiff seeking a court-appointed receiver shoulders the burden to prove, by clear and convincing evidence, that the receiver is "clearly necessary to protect [its] interests in the property." *Rosen*, 106 F.3d at 34; *Aviation Supply Corp.*, 999 F.2d at 316 ("A receiver is an extraordinary equitable remedy that is only justified in extreme situations."); *In re Oakland Lumber Co.*, 174 F. 634 , 636-37 (2d Cir. 1909) ("[I]n no case should a remedy so far reaching in its effects be resorted to except upon clear and convincing proof."). That plaintiff must also bear in mind that appointment of a receiver is "justified only where there is a clear necessity to protect a party's interest in property, legal and less drastic equitable remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012).

## III. DISCUSSION

### A. <u>Evaluation of the *Aviation Supply Corp.* Factors</u>

Plaintiff relies on the factors set forth in *Aviation Supply Corp. v. R.S.B.I. Aerospace Inc.* in its effort to convince this Court to recommend appointment of a receiver but has not provided evidence to satisfy the factors. The Court addresses each factor in turn.

### i. *Fraudulent Conduct on the Part of the Defendant*

Plaintiff alleges three unspecific instances of "fraudulent conduct" on the part of Gosman: (1) she "purchased [86 East Lake Drive] without satisfying the mortgage, knowing full well that the property was in active foreclosure litigation"; (2) Defendant "purposely failed to notify [Wells Fargo] of her purchase" of the Property; and (3) Gosman only moved into 86 East Lake Drive once Plaintiff initiated this lawsuit, "thereby preventing [JDP Mortgage as assignee] from recovering lost income from [the Property]." Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Appoint a Receiver ("Pl. Reply"), DE [23], 2. Based on the current record, these three claims appear unsupported by the evidence.

JDP Mortgage's Motion to Appoint a Receiver lacks support for the claim that Gosman, who is not a party to the underlying mortgage between Kanan and Wells Fargo, was obligated to satisfy the mortgage on the Property prior to, or upon purchase from Hampton Dream. Plaintiff has also not provided this Court with any evidence to support the claim that Gosman was required to notify Wells Fargo as lender of her purchase of 86 East Lake Drive. Further, JDP Mortgage's claim that

5

Defendant was aware of the "active foreclosure litigation" is speculative and unsupported by the factual record. While the 86 East Lake Drive mortgage appears to have been properly recorded, *see* Def. Opp., 9-11, JDP Mortgage has not provided any evidence to support the claim that Gosman had notice, either real or constructive, of the foreclosure litigation, nor has Plaintiff proven that Defendant intended to deprive Wells Fargo of rental income when she moved into 86 East Lake Drive after purchase.

> ii. *The Property is not in Imminent Danger of Being Lost, Concealed, Injured, Diminished in Value, or Squandered*

The imminent danger of the diminution of a property's value "is a critical factor in the analysis of whether to appoint a receiver." *U.S. Bank Nat'l Ass'n*, 859 F. Supp. 2d at 250 (citing *Melnick v. Press*, No. 06 Civ. 6686, 2007 WL 2769490, at *1 (E.D.N.Y. Sept. 21, 2007)). Plaintiff's motion rests heavily upon the notion that Defendant, by residing at 86 East Lake Drive, is somehow injuring or devaluing the Property. In support of this claim, Plaintiff offers a single document – a ten page "Commentary and Certification" of the value of the Property, conducted by a company identified as, "BPOPro Exterior." *See* Pl. Reply at 9-18. The document lists the Property's "Recommended List Price" at $1,450,000, with an "Estimated Sale Price" of $1,399,000. *Id.* at 9. Nevertheless, according to the last page of the document, it "is not an appraisal of the market value of the property," and "may not be used…as the primary basis to determine the value of [the Property]." *Id.* at 18. JDP Mortgage has not submitted any reliable documentation regarding the current value of 86 East Lake Drive, nor has it submitted any reliable documentation regarding the amount

6

by which Gosman has allegedly diminished the value of the Property. Without this information or documentation, Plaintiff fails to establish imminent danger of the diminution of the value of 86 East Lake Drive, such that appointment of a receiver would be warranted.

   *iii. Plaintiff Has Not Shown the Inadequacy of Available Legal Remedies*

A receivership is a "drastic remedy" to be imposed "only where no lesser relief will be effective." *Ferguson v. Tabah*, 288 F.2d 665, 674 (2d Cir. 1961). Plaintiff claims that because Gosman is not a party to the note between Kanan and Wells Fargo, JDP Mortgage "cannot enforce its rights with regard[] to the mortgage against the Defendant in the State Court proceeding." Plaintiff also claims that, without a court-appointed receiver, Gosman "will continue to enjoy the use and occupancy of the premises to the detriment of the Plaintiff" for the duration of this litigation. Pl. Reply at 2.

JDP Mortgage has not provided the Court with any reason why Plaintiff's interests in the Property could not be protected through any less drastic state or federal legal actions, nor is the Court aware of JDP Mortgage's affirmative steps taken to rule out the viability of other available legal remedies, such as money damages. The Court is not convinced by Plaintiff's claims that "no lesser relief will be effective." Pl. Reply at 2.

   *iv. Harm to Plaintiff from Denying Appointment Does Not Outweigh Injury to Defendant by Granting Appointment*

It is unlikely that the harm to JDP Mortgage by denial of its motion would outweigh the injuries that would be suffered by Gosman if this Court were to grant

7

the relief sought. A receiver would likely expedite Plaintiff's pursuit of monthly rental fees, either from Defendant herself, or because JDP Mortgage, via the receiver, would place a rent-paying tenant in the Property. If a receiver is not appointed, Plaintiff will continue to be prevented from collecting its desired monthly rental fees. There, the harm suffered by JDP Mortgage from the denial of its motion would be purely financial. Gosman, on the other hand, stands to suffer a greater harm if Plaintiff's motion is granted. The appointment of a receiver could mean that Defendant may either see her fee ownership of the Property forcibly converted into a tenancy or be forced to vacate her current home to a rent-paying tenant. Under these circumstances, this factor weighs against appointing a receiver.

    *v.    Plaintiff Has Not Shown Probable Success in the Action*

Outside of its initial Complaint, JDP Mortgage has not explicitly addressed its chance of success on its claims against Gosman for tortious interference with a contract or unjust enrichment. Further, the evidentiary record remains undeveloped, and the documents submitted with Plaintiff's Motion to Appoint a Receiver do not sufficiently address JDP Mortgage's chance of success on its claims. As it stands, the Court does not have enough information to determine Plaintiff's probability of success in this action.

    *vi.    Plaintiff Has Not Shown Irreparable Injury*

Irreparable harm is injury for which a monetary award cannot compensate. *See JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir.1990). The root of the harm for which JDP Mortgage seeks appointment of a receiver – violation of its

right to collect rent from 86 East Lake Drive – is inherently financial and could theoretically be compensated by a monetary award. As such, Plaintiff cannot claim that it has been irreparably harmed. Although Gosman is not currently paying rental fees to JDP Mortgage, *see* Pl. Motion at 3; Def. Opp. at 3-4, that a sum of money could compensate Plaintiff for its injury means that its injury is not irreparable.

## IV. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the Plaintiff's Motion to Appoint a Receiver be denied.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within the specified period waives the right to appeal the District Court's order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
             December 21, 2020

                                    /s/ Steven I. Locke
                                    STEVEN I. LOCKE
                                    United States Magistrate Judge